**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MATTHEW CALEB ROSS, #384906** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv512** |
| | § | |
| **SHERIFF JIM SKINNER** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Matthew Caleb Ross, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Petitioner is in custody of the Collin County Detention Facility awaiting trial. He is challenging his arrest and seeking dismissal of his pending state charge.[1] As he is a pre-trial detainee, Petitioner properly requested pretrial habeas relief under 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

It is well settled that post-conviction habeas corpus petitioners must exhaust state remedies prior to filing petitions pursuant to 28 U.S.C. § 2254 in federal court. *See* 28 U.S.C. § 2254(b) &

---

[1] In Ground Four, Petitioner alleges that the Collin County Sheriff's Office notified his significant other of his criminal charge and instructed her to "cease all communication or children will be removed from custody." (Dkt. #1, p. 7). To the extent Petitioner seeks relief as a result of alleged mistreatment while confined at Collin County Detention Facility, the proper remedy is to file a civil rights complaint under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

1

(c); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Although there is no corresponding requirement in the statute for pre-trial claims under 28 U.S.C. § 2241, the Fifth Circuit recognizes the requirement exists:

> Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a body of case law has developed holding that although Section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petition.

*Dickerson*, 816 F.2d at 223. The Fifth Circuit noted that the exhaustion doctrine was "judicially crafted on federalism grounds . . . to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id*. at 225.

While the exhaustion requirement is not jurisdictional, it reflects a policy of federal-state comity designed to give states the initial opportunity to rule upon and correct alleged violations of state prisoners' federal rights. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006) (quoting *Keeney v Tamayo-Reyes*, 504 U.S. 1, 10 (1992)). Exceptions to the exhaustion requirement exist only where there is an absence of available corrective process through the states or circumstances exist that render such processes ineffective to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1)(B). Federal courts may raise a petitioner's failure to exhaust state remedies *sua sponte*. *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996).

To exhaust state remedies, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Fifth Circuit has made it clear that, in

Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to state courts by any currently available and adequate means. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

The proper procedures for pre-trial habeas corpus petitions are found in Tex. Code Crim. Proc. Ann. articles 11.08, 11.10, *et seq. See also State v. Lee*, 15 S.W.3d 921 (Tex. Crim. App. 2000); *Smith v. Gohmert*, 962 S.W.2d 590 (Tex. Crim. App. 1998); *Shirley v. Sheriff, Smith Cnty.*, No. CIVA 6:06CV75, 2006 WL 1720615, at *2 (E.D. Tex. June 20, 2006). In the instant case, Petitioner does not claim he has presented his claims to the highest court for the State of Texas. Petitioner has neither been tried nor convicted of the charged crime. Petitioner also fails to show an absence of available state court corrective processes or circumstances rendering such processes ineffective to protect his rights. *Graham*, 94 F.3d at 969. A review of the online records for Collin County shows that Petitioner's case is set for a jury trial on September 12, 2022. Because federal courts may not consider pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted, *Dickerson* 816 F.2d at 225, this § 2241 petition should be dismissed for failure to exhaust state habeas corpus remedies.

## RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be denied without prejudice for failure to exhaust state habeas corpus remedies. When all state remedies have been fully exhausted, Petitioner may file a new petition in federal court if he has not already obtained the relief he seeks.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of August, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE